NOAH PERCH-AHERN (SBN 262164)
NPerchAhern@ggfirm.com
SEDINA L. BANKS (SBN 229193)
SBanks@ggfirm.com
ANNE M. SHULTZ (SBN 190493)
AShultz@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant
WEBER METALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER,<br>Plaintiff,<br>v.<br>WEBER METALS, INC.,<br>Defendant. | Case No. 2:26-CV-05311<br>**DEFENDANT WEBER METALS, INC.'S ANSWER TO COMPLAINT**<br>**DEMAND FOR JURY TRIAL**<br>Trial Date: Not Set<br>Date Action Filed: May 18, 2026 |



GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Defendant Weber Metals, Inc. ("Weber" or "Defendant") hereby answers the allegations asserted against it in the Complaint filed by Plaintiff Los Angeles Waterkeeper ("LA Waterkeeper" or "Plaintiff"). To the extent any allegations in the Complaint are not expressly admitted and a response to them is required, all allegations in the Complaint are denied. Any allegations that may be implied or inferred from the headings of the Complaint are denied. Weber answers as follows:

## I. JURISDICTION AND VENUE[1]

1. Weber admits only that this action has been brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act ("CWA"). To the extent the allegations of Paragraph 1 purport to state a legal conclusion, no response is required. Weber denies any remaining allegations in Paragraph 1.

2. Weber admits only that LA Waterkeeper served Weber with a purported notice in July of 2025. To the extent the allegations of Paragraph 2 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 2, and on this basis denies them.

3. Weber admits only that more than sixty days have passed since LA Waterkeeper served Weber with a purported notice in July of 2025. To the extent the allegations of Paragraph 3 purport to state a legal conclusion, no response is required. Weber denies any remaining allegations in Paragraph 3.

4. To the extent the allegations of Paragraph 4 purport to state a legal conclusion, no response is required. Weber denies any remaining allegations in Paragraph 4.

## II. INTRODUCTION

5. Weber admits only that it owns and/or operates a facility located at 16706 Garfield Avenue, Paramount, California 90723 ("Facility"). To the extent

[1] For ease of reference only, Weber has reproduced the headings in the Complaint herein. Weber denies any factual allegations in any headings.

the allegations of Paragraph 5 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 5, and on this basis denies them.

6. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and on this basis denies them.

7. The allegations of Paragraph 7 purport to state a legal conclusion and therefore no response is required.

8. To the extent the allegations of Paragraph 8 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 8, and on this basis denies them.

9. To the extent the allegations of Paragraph 9 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 9, and on this basis denies them.

10. To the extent the allegations of Paragraph 10 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 10, and on this basis denies them.

11. To the extent the allegations of Paragraph 11 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 11, and on this basis denies them.

12. To the extent the allegations in Paragraph 12 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 12, and on this basis denies them.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

13. To the extent the allegations in Paragraph 13 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 13, and on this basis denies them.

14. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and on this basis denies them.

15. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on this basis denies them.

16. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and on this basis denies them.

17. To the extent the allegations of Paragraph 17 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 17, and on this basis denies them.

18. To the extent the allegations of Paragraph 18 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 18, and on this basis denies them.

19. To the extent the allegations of Paragraph 19 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 19, and on this basis denies them.

20. To the extent the allegations of Paragraph 20 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 20, and on this basis denies them.

21. To the extent the allegations of Paragraph 21 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

sufficient to form a belief about the truth of any remaining allegations in Paragraph 21, and on this basis denies them.

22. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on this basis denies them.

23. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on this basis denies them.

## III. PARTIES

24. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on this basis denies them.

25. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and on this basis denies them.

26. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and on this basis denies them.

27. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on this basis denies them.

28. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on this basis denies them.

29. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and on this basis denies them.

30. To the extent the allegations of Paragraph 30 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 30, and on this basis denies them.

31. The allegations of Paragraph 31 purport to state a legal conclusion and therefore no response is required.

32. Weber admits that it is a corporation organized under the laws of California.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

33. To the extent the allegations of Paragraph 33 purport to state a legal conclusion, no response is required. Weber admits that it owns and/or operates the Facility.

34. The allegations of Paragraph 34 purport to state a legal conclusion and therefore no response is required.

35. To the extent the allegations of Paragraph 35 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 35, and on this basis denies them.

## IV. LEGAL BACKGROUND

### A. Clean Water Act

36. The allegations of Paragraph 36 purport to state a legal conclusion and therefore no response is required.

37. The allegations of Paragraph 37 purport to state a legal conclusion and therefore no response is required.

38. The allegations of Paragraph 38 purport to state a legal conclusion and therefore no response is required.

39. The allegations of Paragraph 39 purport to state a legal conclusion and therefore no response is required.

40. The allegations of Paragraph 40 purport to state a legal conclusion and therefore no response is required.

41. The allegations of Paragraph 41 purport to state a legal conclusion and therefore no response is required.

42. The allegations of Paragraph 42 purport to state a legal conclusion and therefore no response is required.

43. The allegations of Paragraph 43 purport to state a legal conclusion and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**B. California's General Industrial Storm Water Permit**

44. The allegations of Paragraph 44 purport to state a legal conclusion and therefore no response is required.

45. The allegations of Paragraph 45 purport to state a legal conclusion and therefore no response is required.

46. To the extent the allegations of Paragraph 46 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on this basis denies them.

47. The allegations of Paragraph 47 purport to state a legal conclusion and therefore no response is required.

48. The allegations of Paragraph 48 purport to state a legal conclusion and therefore no response is required.

49. The allegations of Paragraph 49 purport to state a legal conclusion and therefore no response is required.

50. The allegations in Paragraph 50 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

51. To the extent the allegations of Paragraph 51 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 51 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

52. The allegations of Paragraph 52 purport to state a legal conclusion and therefore no response is required.

53. The allegations of Paragraph 53 purport to state a legal conclusion and therefore no response is required.

54. The allegations of Paragraph 54 purport to state a legal conclusion and therefore no response is required.

55. To the extent the allegations of Paragraph 55 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 55, and on this basis denies them.

56. The allegations in Paragraph 56 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

57. The allegations of Paragraph 57 purport to state a legal conclusion and therefore no response is required.

58. The allegations of Paragraph 58 purport to state a legal conclusion and therefore no response is required.

59. To the extent the allegations of Paragraph 59 purport to state a legal conclusion, no response is required. To the extent the allegations in Paragraph 59 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 59, and on this basis denies them.

60. The allegations of Paragraph 60 purport to state a legal conclusion and therefore no response is required.

61. To the extent the allegations of Paragraph 61 purport to state a legal conclusion, no response is required. To the extent the allegations in Paragraph 61 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 61, and on this basis denies them.

62. To the extent the allegations of Paragraph 62 purport to state a legal conclusion, no response is required. To the extent the allegations in Paragraph 62 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the truth of any remaining allegations in Paragraph 62, and on this basis denies them.

63. The allegations of Paragraph 63 purport to state a legal conclusion and therefore no response is required.

64. To the extent the allegations of Paragraph 64 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 64 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

65. To the extent the allegations of Paragraph 65 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 65 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

66. To the extent the allegations of Paragraph 66 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 66 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

67. To the extent the allegations of Paragraph 67 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 67 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

68. To the extent the allegations of Paragraph 68 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 68 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

69. To the extent the allegations of Paragraph 69 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 69 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

70. To the extent the allegations of Paragraph 70 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 70 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

71. To the extent the allegations of Paragraph 71 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 71 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

72. To the extent the allegations of Paragraph 72 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 72 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

## V. STATEMENT OF FACTS

### A. The Facility

73. Weber admits that it owns and/or operates the Facility, and that it engages in the forging of aluminum and titanium parts for aerospace and defense applications and supporting operations at the Facility.

74. Weber admits that the Facility's business hours are Monday through Thursday, from 7:30 a.m. to 4:30 p.m. The remaining allegations in Paragraph 74 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

75. Weber admits that it conducts industrial activities indoors and outdoors at the Facility and that the Facility is approximately 23 acres. Weber admits that industrial activities at the Facility include metal forging and forging support activities; titanium and aluminum dust collection from repair operations; chemical, oil, and lubricant storage; oil reclamation; industrial wastewater handling; vehicle, equipment, and facility maintenance; waste, scrap, and recyclable material storage; fuel (diesel and propane) storage; equipment storage; outdoor materials storage;

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

shipping and receiving; and operation of equipment in support of these activities.

76. Weber admits that the Facility operates under Standard Industrial Classification ("SIC") Code 3463.

77. Weber admits that it most recently submitted a Notice of Intent to comply with the General Permit for the Facility on or about June 12, 2018.

78. Weber admits that the Facility's Waste Discharge Identification Number is 4 19I000406.

79. Weber admits that the Facility has operated under the General Permit since at least March 11, 1992.

80. To the extent the allegations in Paragraph 80 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 80, and on this basis denies them.

81. Weber admits that the Paramount Drainage Area encompasses the northern portion of the Facility, approximately 9.2 acres, and includes a mix of paved and pervious surfaces, and that industrial activities in this area include metal forging and related operations (e.g., etching, sawing, machining, and repairs), dust collection, oil and lubricant storage and reclamation, industrial wastewater handling, vehicle and forklift maintenance, fuel storage, and outdoor equipment and materials storage. To the extent the allegations in Paragraph 81 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 81, and on this basis denies them.

82. Weber admits that the Long Beach Drainage Area comprises the southern portion of the Facility, approximately 13.8 acres, and is predominantly paved and that this area supports metal forging and support activities (including sawing, machining, quenching, heat-treating, and coating), dust collection,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

degreasing and washing of vehicles and equipment, storage of various wastes and recyclable materials, fuel storage, shipping and receiving, and outdoor storage of materials and equipment. To the extent the allegations in Paragraph 82 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 82, and on this basis denies them.

83. Weber lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and on this basis denies them.

84. The allegations of Paragraph 84 purport to state a legal conclusion and therefore no response is required.

85. The allegations of Paragraph 85 purport to state a legal conclusion and therefore no response is required.

86. The allegations of Paragraph 86 purport to state a legal conclusion and therefore no response is required.

87. The allegations of Paragraph 87 purport to state a legal conclusion and therefore no response is required.

**B. The Facility's Storm Water Discharges**

88. Weber denies that it discharges storm water containing pollutants, including zinc, aluminum, compounds increasing and decreasing pH, copper, oil and grease, solids, nitrate plus nitrite nitrogen, and iron from the Facility during every significant rain event.

89. The allegations of Paragraph 89 purport to state a legal conclusion and therefore no response is required.

90. The allegations of Paragraph 90 purport to state a legal conclusion and therefore no response is required.

91. The allegations of Paragraph 91 purport to state a legal conclusion and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

92. The allegations of Paragraph 92 purport to state a legal conclusion and therefore no response is required.

93. The allegations of Paragraph 93 purport to state a legal conclusion and therefore no response is required.

94. The allegations of Paragraph 94 purport to state a legal conclusion and therefore no response is required.

95. The allegations of Paragraph 95 purport to state a legal conclusion and therefore no response is required.

96. The allegations of Paragraph 96 purport to state a legal conclusion and therefore no response is required.

97. The allegations of Paragraph 97 purport to state a legal conclusion and therefore no response is required.

98. The allegations of Paragraph 98 purport to state a legal conclusion and therefore no response is required.

99. The allegations of Paragraph 99 purport to state a legal conclusion and therefore no response is required.

100. The allegations of Paragraph 100 purport to state a legal conclusion and therefore no response is required.

101. The allegations of Paragraph 101 purport to state a legal conclusion and therefore no response is required.

102. The allegations of Paragraph 102 purport to state a legal conclusion and therefore no response is required.

103. The allegations of Paragraph 103 purport to state a legal conclusion and therefore no response is required.

104. The allegations of Paragraph 104 purport to state a legal conclusion and therefore no response is required.

105. The allegations of Paragraph 105 purport to state a legal conclusion and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

106. The allegations of Paragraph 106 purport to state a legal conclusion and therefore no response is required.

107. The allegations of Paragraph 107 purport to state a legal conclusion and therefore no response is required.

108. The allegations of Paragraph 108 purport to state a legal conclusion and therefore no response is required.

109. The allegations of Paragraph 109 purport to state a legal conclusion and therefore no response is required.

110. The allegations of Paragraph 110 purport to state a legal conclusion and therefore no response is required.

111. The allegations of Paragraph 111 purport to state a legal conclusion and therefore no response is required.

112. The allegations of Paragraph 112 purport to state a legal conclusion and therefore no response is required.

113. The allegations of Paragraph 113 purport to state a legal conclusion and therefore no response is required.

114. The allegations of Paragraph 114 purport to state a legal conclusion and therefore no response is required.

115. The allegations of Paragraph 115 purport to state a legal conclusion and therefore no response is required.

116. The allegations of Paragraph 116 purport to state a legal conclusion and therefore no response is required.

117. The allegations of Paragraph 117 purport to state a legal conclusion and therefore no response is required.

118. The allegations of Paragraph 118 purport to state a legal conclusion and therefore no response is required.

119. The allegations of Paragraph 119 purport to state a legal conclusion and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

120. The allegations of Paragraph 120 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

121. The allegations of Paragraph 121 purport to state a legal conclusion and therefore no response is required.

122. The allegations of Paragraph 122 purport to state a legal conclusion and therefore no response is required.

123. The allegations of Paragraph 123 purport to state a legal conclusion and therefore no response is required.

124. The allegations of Paragraph 124 purport to state a legal conclusion and therefore no response is required.

125. The allegations of Paragraph 125 purport to state a legal conclusion and therefore no response is required.

126. The allegations of Paragraph 126 purport to state a legal conclusion and therefore no response is required.

127. The allegations of Paragraph 127 purport to state a legal conclusion and therefore no response is required.

128. The allegations of Paragraph 128 purport to state a legal conclusion and therefore no response is required.

129. The allegations of Paragraph 129 purport to state a legal conclusion and therefore no response is required.

130. The allegations of Paragraph 130 purport to state a legal conclusion and therefore no response is required.

131. The allegations of Paragraph 131 purport to state a legal conclusion and therefore no response is required.

132. The allegations of Paragraph 132 purport to state a legal conclusion and therefore no response is required.

133. The allegations of Paragraph 133 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

134. The allegations of Paragraph 134 purport to state a legal conclusion and therefore no response is required.

135. The allegations of Paragraph 135 purport to state a legal conclusion and therefore no response is required.

136. To the extent the allegations of Paragraph 136 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 136 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

137. To the extent the allegations of Paragraph 137 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 137, and on this basis denies them.

138. To the extent the allegations of Paragraph 138 purport to state a legal conclusion, no response is required. To the extent the allegations in Paragraph 138 purport to characterize the contents of written documents, said documents speak for themselves. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 138, and on this basis denies them.

139. The allegations of Paragraph 139 purport to state a legal conclusion and therefore no response is required.

140. To the extent the allegations of Paragraph 140 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 140, and on this basis denies them.

141. To the extent the allegations of Paragraph 141 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 141, and on this basis denies them.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Defendant's Discharges of Contaminated Storm Water from the Facility in Violation of the General Permit's Numeric Effluent Limitations and the Act (Violations of 33 U.S.C. §§ 1311(a), 1342, 1365(a), and 1365(f))**

142. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

143. To the extent the allegations of Paragraph 143 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 143, and on this basis denies them.

144. To the extent the allegations of Paragraph 144 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 144, and on this basis denies them.

145. To the extent the allegations of Paragraph 145 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 145, and on this basis denies them.

146. The allegations of Paragraph 146 purport to state a legal conclusion and therefore no response is required.

147. The allegations of Paragraph 147 purport to state a legal conclusion and therefore no response is required.

148. The allegations of Paragraph 148 purport to state a legal conclusion and therefore no response is required.

149. To the extent the allegations of Paragraph 149 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

sufficient to form a belief about the truth of any remaining allegations in Paragraph 149, and on this basis denies them.

150. The allegations of Paragraph 150 purport to state a legal conclusion and therefore no response is required.

**SECOND CLAIM FOR RELIEF**
**Defendant's Discharges of Contaminated Storm Water from the Facility in Violation of the General Permit's Receiving Water Limitations and the Act (Violations of 33 U.S.C. §§ 1311(a), 1342, 1365(a), and 1365(f))**

151. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

152. To the extent the allegations of Paragraph 152 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 152, and on this basis denies them.

153. To the extent the allegations of Paragraph 153 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 153, and on this basis denies them.

154. To the extent the allegations of Paragraph 154 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 154, and on this basis denies them.

155. To the extent the allegations of Paragraph 155 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 155, and on this basis denies them.

156. To the extent the allegations of Paragraph 156 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

sufficient to form a belief about the truth of any remaining allegations in Paragraph 156, and on this basis denies them.

157. The allegations of Paragraph 157 purport to state a legal conclusion and therefore no response is required.

158. The allegations of Paragraph 158 purport to state a legal conclusion and therefore no response is required.

159. The allegations of Paragraph 159 purport to state a legal conclusion and therefore no response is required.

160. To the extent the allegations of Paragraph 160 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 160, and on this basis denies them.

161. The allegations of Paragraph 161 purport to state a legal conclusion and therefore no response is required.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## THIRD CLAIM FOR RELIEF

**Defendant's Failure to Prepare, Implement, Review, and Update a Compliant Storm Water Pollution Prevention Plan (Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

162. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

163. To the extent the allegations of Paragraph 163 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 163, and on this basis denies them.

164. To the extent the allegations of Paragraph 164 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 164, and on this basis denies them.

165. To the extent the allegations of Paragraph 165 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 165, and on this basis denies them.

166. The allegations of Paragraph 166 purport to state a legal conclusion and therefore no response is required.

167. To the extent the allegations of Paragraph 167 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 167, and on this basis denies them.

168. The allegations of Paragraph 168 purport to state a legal conclusion and therefore no response is required.

169. To the extent the allegations of Paragraph 169 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 169, and on this basis denies them.

170. The allegations of Paragraph 170 purport to state a legal conclusion and therefore no response is required.

## FOURTH CLAIM FOR RELIEF
### Failure to Develop and Implement the Best Available And Best Conventional Treatment Technologies at the Facilities (Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

171. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

172. To the extent the allegations of Paragraph 172 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 172, and on this basis denies them.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

173. To the extent the allegations of Paragraph 173 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 173, and on this basis denies them.

174. To the extent the allegations of Paragraph 174 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 174, and on this basis denies them.

175. To the extent the allegations of Paragraph 175 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 175, and on this basis denies them.

176. The allegations of Paragraph 176 purport to state a legal conclusion and therefore no response is required.

177. To the extent the allegations of Paragraph 177 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 177, and on this basis denies them.

178. The allegations of Paragraph 178 purport to state a legal conclusion and therefore no response is required.

179. To the extent the allegations of Paragraph 179 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 179, and on this basis denies them.

180. The allegations of Paragraph 180 purport to state a legal conclusion and therefore no response is required.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**<u>FIFTH CLAIM FOR RELIEF</u>**
**Failure to Implement an Adequate Monitoring Implementation Plan for the Facility**
**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

181. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

182. To the extent the allegations of Paragraph 182 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 182, and on this basis denies them.

183. To the extent the allegations of Paragraph 183 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 183, and on this basis denies them.

184. To the extent the allegations of Paragraph 184 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 184, and on this basis denies them.

185. To the extent the allegations of Paragraph 185 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 185, and on this basis denies them.

186. The allegations of Paragraph 186 purport to state a legal conclusion and therefore no response is required.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**Defendant's Failure to Report as Required by the General Permit**
**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

187. Weber repeats and realleges the responses and denials set forth in the preceding paragraphs.

188. To the extent the allegations of Paragraph 188 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 188 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

189. To the extent the allegations of Paragraph 189 purport to state a legal conclusion, no response is required. Any remaining allegations in Paragraph 189 purport to characterize the contents of a written document which speaks for itself and therefore no response is required.

190. To the extent the allegations of Paragraph 190 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 190, and on this basis denies them.

191. To the extent the allegations of Paragraph 191 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 191, and on this basis denies them.

192. To the extent the allegations of Paragraph 192 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 192, and on this basis denies them.

193. To the extent the allegations of Paragraph 193 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 193, and on this basis denies them.

194. To the extent the allegations of Paragraph 194 purport to state a legal conclusion, no response is required. Weber lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 194, and on this basis denies them.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

195. The allegations of Paragraph 195 purport to state a legal conclusion and therefore no response is required.

196. There is no allegation in this Paragraph.

**RELIEF REQUESTED**

Weber denies that Plaintiff is entitled to any relief and/or judgment as sought in the Complaint's relief requested.

**AFFIRMATIVE DEFENSES**

Weber asserts the following affirmative defenses. Discovery has not yet begun and, therefore, Weber has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Weber reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case:

**FIRST AFFIRMATIVE DEFENSE**

**(Standing)**

1. LA Waterkeeper lacks standing to assert its claims against Weber, including, without limitation, lacking representative standing, lacking associational standing, and lacking individual standing.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing Under Clean Water Act)**

2. LA Waterkeeper lacks standing under the Clean Water Act to seek civil penalties against Weber.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

3. LA Waterkeeper's Complaint and each claim alleged therein are

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

barred, in whole or in part, to the extent that they fail to state a claim against Weber upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

4. The Court lacks subject matter jurisdiction over this action. Without limitation, the Court lacks subject matter jurisdiction over any claim based on any alleged violation that did not impact "navigable waters" or "waters of the United States," as those terms are defined under the CWA. Furthermore, without limitation, the Court lacks subject matter jurisdiction because there are no ongoing violations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Authority to Sue in a Representative Capacity)**

5. LA Waterkeeper lacks authority to sue in a representative capacity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Organized Association of Persons)**

6. LA Waterkeeper does not legally exist as an organized association of persons with standing to assert claims in the name of the association or in the names of others.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Agency)**

7. LA Waterkeeper is not entitled to any relief against Weber to the extent that any damages or injuries, if any, were not caused by the acts, conduct, or omissions of persons or entities acting on behalf of Weber, or of persons or entities acting within the scope of any agency or employment relationship with Weber.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary and Indispensable Parties)**

8. LA Waterkeeper has failed to join necessary and indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

9. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that LA Waterkeeper seeks to hold Weber liable under a legal standard of which Weber did not have proper notice and hence violates its constitutional right to due process.

**TENTH AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Law)**

10. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that Weber has complied at all relevant times with all applicable statutes, regulations, permits, or plans.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Due Care)**

11. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that Weber acted with due care and conducted itself reasonably under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Pre-Litigation Notice)**

12. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that the Complaint is predicated upon any purported violations which LA Waterkeeper failed to identify with sufficient

particularity in any pre-litigation notice for citizen suits as required by the CWA and the relevant regulations of the EPA found at 40 C.F.R. Part 135.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Clean Water Act)**

13. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that Weber has complied with the CWA at all relevant times, including but not limited to all applicable regulations, permits, and plans.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Claims Barred by CWA)**

14. The Complaint and each claim alleged therein are barred, in whole or in part, by the CWA, including by 33 U.S.C. § 1319, to the extent that the alleged violations have already been prosecuted and/or are being diligently prosecuted by EPA, the State of California, and/or the Los Angeles Regional Water Quality Control Board.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Wholly Past and Not Continuing Violations)**

15. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that LA Waterkeeper complains of violations which are now wholly in the past and did not and will not continue from the commencement of the action to the time of trial, as required for relief under the CWA.

///

///

///

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Reliance on Government Regulators)**

16. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that Weber, at all relevant times, acted in reasonable reliance upon the acquiescence of, and the directions given to it by pertinent government regulatory agencies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

17. LA Waterkeeper's claims are barred by any and all applicable statutory and/or contractual provisions regarding limitation of the time to file civil actions, including, but not limited to the statute of limitations set forth in the CWA, 33 U.S.C. § 1251, et seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, and/or Laches)**

18. LA Waterkeeper's Complaint and each claim alleged therein are barred by the doctrines of waiver, estoppel, and/or laches.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Administrative Remedies)**

19. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that LA Waterkeeper failed to exhaust administrative remedies.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Ripeness)**

20. LA Waterkeeper's Complaint and each claim alleged therein are

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

barred, in whole or in part, to the extent that LA Waterkeeper's claims are not ripe.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Mootness)**

21. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that LA Waterkeeper's claims are moot.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Res Judicata)**

22. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, by the doctrine of *Res Judicata*.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Collateral and/or Equitable Estoppel)**

23. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, by reasons of its own acts, omissions, and conduct, or those of its predecessors, agents, representatives or employees, under the doctrines of collateral and/or equitable estoppel.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Intervening, Superseding Acts)**

24. Weber is not liable for the harm alleged by LA Waterkeeper to the extent that such harm, if any, resulted from the acts of others constituting independent, intervening and/or superseding causes, thus relieving Weber of any liability.

///

///

///

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Liability of Others)**

25. Without admitting that Weber is liable for anything, if it is determined that LA Waterkeeper or any other persons sustained any damage as alleged in the Complaint, said damage was proximately caused or contributed to by persons other than Weber. In that event, the liability of Weber and other responsible parties, named or unnamed, should be apportioned according to the relative degree of fault among them, if any, and the liability of Weber should be reduced accordingly.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief Not Warranted)**

26. LA Waterkeeper's claim for injunctive relief has not accrued and fails to state a proper claim for relief because LA Waterkeeper has an adequate remedy at law and has suffered no irreparable harm.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Attorney's Fees/Costs)**

27. LA Waterkeeper's Complaint and each claim alleged therein fail to state a claim or set forth facts sufficient to support a claim for attorney's fees or costs. LA Waterkeeper is not entitled to recover reasonable attorney's fees or costs on any of its claims against Weber.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Contribution and/or Mitigation)**

28. Without admitting that Weber is liable for anything, to the extent that Weber is required to contribute to any of the damages or injuries or other relief requested by LA Waterkeeper, and/or to the extent that Weber is required to indemnify any person or entity for costs incurred as alleged in the Complaint,

Weber is entitled to contribution and/or indemnification in accordance with a fair and equitable apportionment of liability between Weber and any other parties.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Uncertain Damages)**

29. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, by the fact that LA Waterkeeper's damages are uncertain and are not susceptible to calculation or reasonable estimation.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Offset of Damages)**

30. Without admitting that Weber is liable for anything, to the extent that LA Waterkeeper was damaged, any damage must be offset by any and all recoveries heretofore obtained by LA Waterkeeper in satisfaction of the claimed damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Preemption)**

31. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that such claims are preempted by federal and/or state law, insofar as the alleged claims purport to impose requirements and/or standards different from and/or in conflict with the standards imposed by federal and/or state law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Establish Discharge of Pollutant)**

32. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that LA Waterkeeper has failed to establish

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

that Weber discharged a "pollutant" within the meaning of 33 U.S.C. § 1362(6), or that any discharge of a pollutant exceeded any applicable limitations.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Industry Standards)**

33. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that Weber, at all relevant times, acted in conformance with industry standards and practices based upon the state of knowledge existing at the time such alleged actions took place.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

34. LA Waterkeeper's Complaint and each claim alleged therein are barred, in whole or in part, to the extent that the alleged acts or omissions of Weber were not the proximate cause of LA Waterkeeper's purported damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(De Minimis Issue)**

35. To the extent that any acts of Weber did not meet the requirements or limitations set forth in the CWA or the General Permit, those failures are *de minimis* in nature. Any alleged discharges that exceed the applicable limitation(s) set forth in the CWA or the General Permit are of no danger to the health and public safety or the welfare of humans or a danger to the environment or water and for that reason are not a violation.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation to Assert Additional Defenses)**

36. Weber is informed and believes, and thereon alleges, that it presently

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Weber therefore reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicates it would be appropriate to do so.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That each and every purported claim for relief set forth in the Complaint be dismissed with prejudice;

3. For costs of suit, including reasonable attorney's fees, incurred herein to the extent permitted by law; and

4. For such other and further relief as the Court may deem just and proper in favor of Defendant.

**DEMAND FOR TRIAL BY JURY**

Defendant hereby demands a trial by jury in this action on all issues so triable in this action.

DATED: August 17, 2026

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Noah Perch-Ahern*
NOAH PERCH-AHERN (SBN 262164)
SEDINA L. BANKS (SBN 229193)
ANNE M. SHULTZ (SBN 190493)
Attorneys for Defendant
WEBER METALS, INC.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067